## In re KEYSTONE DRILLER CO.
### No. 20021.

District Court, W. D. Pennsylvania.
April 16, 1940.

950

Isadore M. Goldsmith, Frank R. S. Kaplan, and Tener & Tener, all of Pittsburgh, Pa., for trustee.

George D. Wick, of Pittsburgh, Pa., for Keystone Driller Co.

Campbell, Wick, Houck & Thomas, of Pittsburgh, Pa., for R. J. G. McKnight, President of Keystone Driller Co.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for Stockholders' Protective Committee.

Alter, Wright & Barron, of Pittsburgh, Pa., for Creditors Protective Committee.

Hugh C. Boyle, of Pittsburgh, Pa., for Bank of Pittsburgh, National Ass'n in hands of Andrew B. Berger, receiver.

John O. Spahr, of Indianapolis, Ind., for Robert L. Young, petitioner.

John D. Ray, of Beaver Falls, Pa., for School Dist. of City of Beaver Falls, Pa.

Reed & Ewing, of Beaver Falls, Pa., for Stockholders Protective Committee.

GIBSON, District Judge.

A reorganization plan having been approved, the Trustee, his counsel, and various others interested in the proceedings, filed petitions for allowance of fees and expenses in above entitled matter. These petitions were approved as filed unless exceptions thereto were filed prior to April 11, 1940, which date was fixed for hearing upon such exceptions. The School District of Beaver Falls filed exceptions to all petitions, and a stockholders' committee, represented by one Homer Wylie, joined in the exceptions. The exceptant attacked the transfer of certain of the Debtor's machines to Messrs. Horowitz and Emmerman, which was alleged to be necessary for the operation of Debtor's business; and

also urged that the fees claimed were out of proportion to the size of the estate being administered, and, if allowed, would tend to cripple the reorganized company in its operations.

No testimony was offered to sustain either of these exceptions. The first is, in effect, a belated attack upon the adopted plan and, in addition, is not so closely in accord with the actual facts as to be very seriously considered in fixing the allowances of the Trustee and his counsel. In presenting his second exception counsel for the exceptant specifically insisted that he was not attacking the allowances claimed upon the ground that they were excessive for the amount and type of the services rendered, but upon the proposition that the reorganized company could not successfully continue business if its cash be depleted to the extent of the claims.

While the court is not satisfied that the cash situation of the company would be quite so serious as claimed by the exceptant if the allowances were made as claimed, it nevertheless is of opinion that its chances for successful operation will be bettered by leaving with it more cash than it would have if the claims, as made, were allowed. On the other hand, the proceeding has been a long and, at times, a discouraging one. The claimants for allowances have spent much time and labor upon it, and the court does not feel that any claimant should be deprived of any considerable part of the amount asked by him. To meet this situation it has resolved to modify its nisi decree allowing the claims.

By the plan 35,000 shares of preferred stock of no par value were to be issued, of which 16,000 shares were to be offered to stockholders at $2.50 per share. Some 8,-000 shares of this stock remain in the treasury of the company. An order will be made by which the cash allowances claimed by the Trustee and his counsel, and by the other attorneys engaged in the proceeding, will be reduced by 15%, this amount (15%), however, to be replaced by new preferred stock of the Company delivered to claimants at the rate of $2.50 per share, the same amount at which it was offered to stockholders.

Under such an arrangement the cash situation of the company should be fairly secure, and the claimants for allowances should not be ultimately deprived of the fruits of their labor.